IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MELISSA PISUT,

    Plaintiff,

v.

PASAVARE, INC., an Illinois
Corporation, d/b/a ZAZA
TRATTORIA and LaZAZA
TRATTORIA, INC., an Illinois
Corporation,

    Defendants.

Case No. 03 C 4382

Hon. Harry D. Leinenweber

FILED APR 29 2005
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

## MEMORANDUM OPINION AND ORDER

After a three-day jury trial, the jury awarded Plaintiff $500.00 in compensatory damages and $5,000.00 in punitive damages based on its finding of pregnancy discrimination. Subsequent to the jury trial the court awarded Plaintiff an additional $8,903.13 in back pay.

### I. DISCUSSION

The Plaintiff has now filed a petition for attorneys fees in the amount of $51,479.59 based on an hourly rate of $200 per hour for preparation and $250 per hour for trial. The Defendant agrees that these rates are reasonable but objects to the quantity of hours spent - 255.

Defendant cites *Cole v. Wodziak,* 169 F.3d 486 (7th Cir. 1999) as authority for reducing the Plaintiff's request. However, Defendant somewhat misreads *Cole*. What this case stands for is

that a court should take a market approach to the setting of attorneys fees. A plaintiff ought not receive a fee for work on a fee-shifting case that is in excess of a fee an attorney working for a private client would be able to bill. *Cole* was an example where it was admitted that the case was worth no more than a maximum of $50,000.00 *ex ante*. The court held that attorneys' fees of $85,000.00 were excessive where the verdict was only $4,500.00. However the court cautioned that sometimes the quantity of legal work expended might appear reasonable *ex an ante* but look bad *ex post* as a result of a poor result. The example the court gave in *Cole* was a hypothetical personal injury case where there was an equal likelihood that recovery would be either $900,000.00 or $100,000.00. In such a case a tort lawyer would reasonably be willing to invest up to $200,000.00 in pursuit of a contingent fee of 40% of the ultimate recovery, even though he might receive only a $100,000.00 verdict and a $40,000.00 fee.

We therefore must analyze the legal efforts expended on Plaintiff's behalf as they would appear *ex ante* to determine whether or not they were reasonable. First, the court believes it is relevant that Defendant's attorneys fees, according to its records it disclosed pursuant to Local Rule 54.3, were $51,462.00 based on a total of 228.72 hours billed. Thus Defendant spent approximately 90% of the time spent by Plaintiff of which it now complains. Further it is well known that in most cases it takes

more time to prepare and try a case on the Plaintiff's behalf than it takes to defend. Second, Defendant chose not to avail itself of the provisions of FED. R. CIV. P 68 and did not make an offer of judgment. The clear implication of all of this is that Defendant considered its potential liability *ex ante* as substantially greater than it turned out to be.

Moreover a goodly portion of the work was performed after settlement efforts broke down and while Plaintiff was preparing for trial. The Defendant disclosed six so-called newly discovered witnesses. The Plaintiff objected but the court overruled her which required the taking of more depositions. One valid point the Defendant does make is that he charged his regular hourly rate for travel time from his suburban office to court which amounted to 30 hours. The court considers this excessive and cuts 15 hours or $3,000.00 from the total requested.

## II. CONCLUSION

Plaintiff's Petition for Attorney Fees is granted. The court awards Plaintiff the sum of $48,479.59.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: April 29, 2005